UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL ESSENMACHER,

                Plaintiff,

    v.

KEENE CARRIERS, INC., and TRION
SOLUTIONS I, INC.,

                Defendants.

_____

**DECISION AND ORDER**

1:23-CV-00574-EAW

## INTRODUCTION

Plaintiff Michael Essenmacher ("Plaintiff") commenced this action on February 23, 2023, in New York State Supreme Court, Erie County, seeking damages against Keene Carriers, Inc. ("Keene") and Trion Solutions I, Inc. ("Trion") (collectively "Defendants"), arising from a motor vehicle accident on September 17, 2020. (Dkt. 1 at ¶ 1; Dkt. 1-2 at 3-11). Trion removed the case to this Court, with the consent of Keene based on diversity jurisdiction. (Dkt. 1 at 1). Currently pending before the Court is Plaintiff's motion seeking remand to state court, or alternatively a temporary stay of these proceedings until a parallel action in Supreme Court, Erie County, is resolved. (Dkt. 5).

For the reasons set forth below, Plaintiff's motion to remand is denied, but Plaintiff's motion to temporarily stay these proceedings is granted.

## BACKGROUND

On February 23, 2023, Plaintiff filed the instant action in Supreme Court, Erie County, alleging vicarious liability against Defendants under New York Vehicle and

- 1 -

Traffic Law § 388 for personal injuries and economic loss allegedly suffered by Plaintiff in a motor vehicle collision on September 17, 2020.  (Dkt. 1-2 at 8-10).  Plaintiff alleges that he was driving a vehicle that was struck by the vehicle of Jeffrey T. Johnson ("Johnson"), an employee of Trion.[1]  (*Id.* at 6).  According to Plaintiff, the collision caused Plaintiff's vehicle and Johnson's vehicle to each crash into a Keene-owned tractor trailer, driven by Destry Dean Skeens ("Skeens").  (*Id.*).  Plaintiff claims that he sustained "serious injuries"—including permanent ones—as defined by § 5102(d) of New York's Insurance Law.  (*Id.* at 7).  He also states that he suffered economic loss "greater than basic economic loss" as defined in § 5102(a) of New York's Insurance Law and "has or may be caused to suffer loss in excess of the jurisdictional limits of all lower Courts."  (*Id.*).

The instant action is related to a parallel action in Supreme Court, Erie County (Index No. 801168/2021), filed by Plaintiff on January 28, 2021, against numerous defendants, including Johnson and Skeens.  (Dkt. 5-1 at ¶ 11).  Plaintiff decided during the discovery process in that action to add Trion and Keene as defendants under a theory of derivative liability.  (*Id.* at ¶ 17).  Plaintiff learned that Johnson was acting in the scope of his employment for Trion at the time of the vehicle collision and that Keene owned the vehicle that Skeens was driving on behalf of his employer.[2]  (*Id.* at ¶¶ 11, 17).  Concerned

---

[1]    Plaintiff's attorney's affidavit filed in support of this motion to remand states that Plaintiff was a passenger in Johnson's vehicle.  (Dkt. 5-1 at ¶ 3).  But Plaintiff's complaint alleges that Plaintiff was driving in a different vehicle than the one operated by Johnson. (Dkt. 1-2 at 6).  This discrepancy is not relevant to a resolution of the pending motion to remand.

[2]    There is yet another discrepancy between the facts alleged in Plaintiff's attorney's affidavit filed in support of the pending motion and the complaint—specifically Plaintiff's

that the three-year statute of limitations would lapse if he filed a motion to amend the parallel state court action to add Trion and Keene as defendants, Plaintiff instead filed a separate claim in state court against Defendants. (*Id.* at ¶ 17). Plaintiff intended to consolidate the two actions in state court. (*Id.*).

Plaintiff served the summons and complaint on Trion on March 9, 2023, and on Keene on March 4, 2023. (Dkt. 1-2 at 13, 16). On April 21, 2023, Keene filed an answer (*id.* at 18-25) and made a demand for the total amount of monetary damages sought by Plaintiff (*id.* at 27-28).[3] In a response dated April 27, 2023, Plaintiff stated that he sought one million dollars in compensatory damages. (*Id.* at 35).

Trion's recently-retained counsel contacted Plaintiff's counsel on May 22, 2023, seeking a 30-day extension to file an answer, until June 21, 2023. (Dkt. 5-1 at ¶ 5; Dkt. 5-4 at 3-4). Plaintiff consented to the extension. (Dkt. 5-4 at 2). When seeking the extension, Trion's attorney indicated in an email to Plaintiff's attorney on May 22 that he had "taken a look at the previously filed [state court] actions involving the same accident." (*Id.* at 3-4). On or about May 23, 2023, Plaintiff's attorney told Trion's attorney of Plaintiff's intent to consolidate the two state court actions. (Dkt. 5-1 at ¶ 17). Trion's counsel contacted co-defendant Keene's counsel to see if Plaintiff had responded to Keene's demand for

---

attorney's affidavit states that Gary Kiser Trucking, Inc. was Skeens' employer (Dkt. 5-1 at ¶ 17), whereas the complaint alleges that Keene was Skeens' employer (Dkt. 1-2 at 5-6).

[3]     New York's C.P.L.R 3017(c) forbids a plaintiff from requesting a specific amount of damages in a personal injury action. A defendant may submit a supplemental demand to the plaintiff to ascertain the amount of the claim. *See Reyes v. Hess Retail Stores, LLC*, 605 F. Supp. 3d 463, 464 (E.D.N.Y. 2022).

specification of damages, and on June 15, 2023, Keene forwarded a copy of Plaintiff's response with the demand for one million dollars in compensatory damages. (Dkt. 1 at ¶ 13; Dkt. 1-2 at 37-40).

On June 21, 2023, Trion filed a notice of removal to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1441. (Dkt. 1).[4] Trion asserts that removal was timely under 28 U.S.C. § 1446(b)(3) because it filed for removal within 30 days of being able to reasonably ascertain that the case was eligible for removal. (*Id.* at ¶¶ 13-15). According to Trion, it was only on June 15, 2023, when Keene's counsel forwarded Plaintiff's demand for one million dollars in damages, that Trion could have reasonably known that the amount in controversy exceeded the minimum jurisdictional amount of over $75,000 for an action based on diversity of citizenship between the parties. (*Id.* at ¶¶ 13-14).[5] Keene consented to removing the case to federal court. (*Id.* at 5).

Plaintiff seeks to remand this action to Supreme Court, Erie County, or alternatively, to temporarily stay these proceedings until the parallel state court action is resolved. (Dkt. 5). According to Plaintiff, remand is proper under 28 U.S.C. § 1447 because Trion's removal motion was untimely filed. (Dkt. 5-1 at ¶ 2). Plaintiff relies on the acknowledgement from Trion's attorney in the May 22, 2023, email that the attorney had

---

[4]     The notice of removal alleges that Trion is incorporated in and has its principal place of business in Michigan, Keene is incorporated in and has its principal place of business in Virginia, and Plaintiff is a citizen of Texas. (Dkt. 1 at ¶¶ 4-6).

[5]     According to the email exchanges between Trion's counsel and Keene's counsel, it appears that Trion's counsel was advised on June 14, 2023, that the demand was one million dollars, but Plaintiff's actual response was not provided until June 15, 2023. (*See* Dkt. 1-2 at 37-40). This one day does not make a difference in the analysis.

"taken a look" at the prior state court actions involving the same accident as evidence that Trion had notice that the amount in controversy exceeded the minimum amount for federal diversity jurisdiction. (Dkt. 5-14 at 5). According to Plaintiff, a review of the state court litigation would have revealed that Plaintiff suffered damages in excess of $75,000. (*Id*. at 5-7).

Trion contends that removal on June 21, 2023, was timely because it only learned that the amount in controversy was over $75,000 six days before that date, when it received from co-defendant Keene the discovery response indicating that Plaintiff sought one million dollars in damages. (Dkt. 8 at ¶ 15; Dkt. 8-1 at 4-5). Trion further argues that its counsel reviewed the previous state court filings on May 22, 2023, but the materials reviewed did not enable counsel to ascertain the amount in controversy. (Dkt. 8 at ¶¶ 8-9). And in any event, even if it did, removal would still be timely because it occurred thirty days after May 22, 2023. (Dkt. 8-1 at 4-5). Keene also responds that it opposes remand to state court and that it adopts its co-defendant's arguments on the issue. (Dkt. 9).

## DISCUSSION

### I.   Legal Standard

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm.*

*Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)).

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "[a]ny doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

A defendant must remove a case to federal court within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, a defendant can file a notice of removal within 30 days after receiving "through service or otherwise, [] a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.

§ 1446(b)(3).[6]  "Other paper" includes information about the amount of the plaintiff's claim in the record in the state court case or in response to discovery.  28 U.S.C. § 1446(c)(3)(A).  The 30-day window to remove a case does not begin "until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).  A defendant must still use a "reasonable amount of intelligence in ascertaining removability" but need not speculate or investigate beyond the initial pleading.  *Id*. at 37 (quotation omitted).

In requiring a defendant to apply a "reasonable amount of intelligence" to ascertain when a case is removable, courts have said that a defendant has sufficient notice and faces the 30-day removal clock when the pleading includes a statement that the amount in controversy exceeds the minimum amount required for diversity jurisdiction.  *See, e.g.*, *Reyes v. Hess Retail Stores, LLC*, 605 F. Supp. 3d 463, 465 (E.D.N.Y. 2022).  On the other hand, a complaint alleging that a plaintiff suffered: (1) serious injuries as defined by § 5102(d) of New York's Insurance Law; (2) economic loss greater than basic economic loss as defined by § 5102(a) of New York's Insurance Law; and (3) damages exceeding the jurisdictional limits of all lower New York state courts, is not sufficient to establish that the amount in controversy is more than $75,000.  *See Azizi v. Gonzalez De Buitra*, No. 22-CV-7134 (PKC) (RER), 2022 WL 17623955, at *2-3 (E.D.N.Y. Dec. 13, 2022); *Agha v.*

---

[6]      The 30-day timeframe calculation is individual to each defendant.  *See* 28 U.S.C. § 1446(b)(2)(B), (C); *UI Acquisition Holding Co., Inc. v. Arch Ins. Co.*, No. 3:19-CV-00310 (NAM/ML), 2020 WL 103509, at *2 (N.D.N.Y. Jan. 9, 2020).  Keene was served with Plaintiff's discovery response on or about April 27, 2023 (*see* Dkt. 1-2 at 30, 35), but that time is not charged to Trion for the purposes of determining the timeliness of Trion's removal of the case.

*Ramirez*, No. 19-CV-00478 (DLI) (RER), 2020 WL 6200185, at *2 (E.D.N.Y. Oct. 21, 2020); *see also Cavaleri v. Amgen Inc.*, No. 20-CV-1762 (PKC) (RML), 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021) (collecting cases holding that allegations of serious, severe, and/or permanent injuries are not enough to establish that the minimum amount in controversy has been met).

## II.     Timeliness of Trion's Notice of Removal

Plaintiff's complaint filed in state court on February 23, 2023, did not provide enough information for Defendants to intelligently ascertain the amount in controversy. Plaintiff's complaint lists numerous "serious injuries" as defined in § 5102(d) of New York's Insurance Law that he suffered, but no associated dollar amount is included in that definition under state law.  *See* N.Y. Ins. Law § 5102(d).  Nor does Plaintiff's claim that he suffered "economic loss greater than basic economic loss" shed light on the issue because under § 5102(a) of New York's Insurance Law, "basic economic loss" is up to $50,000.  N.Y. Ins. Law § 5102(a); *see Azizi*, 2022 WL 17623955, at *2.  Finally, Plaintiff's statement in the complaint that he seeks damages "in excess of the jurisdictional limits of all lower Courts" simply means that the amount is above $25,000.  *See Valentin v. Dollar Tree Stores, Inc.*, No. 1:21-cv-3647-MKV, 2021 WL 2852039, at *2 (S.D.N.Y. July 8, 2021) (noting that the lower civil courts of New York have jurisdiction up to only $25,000 in damages); *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19-CV-4390 (JPO), 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019) ("This is obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000).").  Taken together, Plaintiff's allegations in the state court complaint allowed Defendants to

use "a reasonable amount of intelligence" to ascertain that the amount in controversy was at least $50,000, but Defendants were not required to investigate or speculate further that the minimum jurisdictional amount for diversity jurisdiction had been reached.

Furthermore, untimeliness is not established by the statement from Trion's attorney on May 22, 2023, that the attorney had "taken a look" at the prior state court actions involving the same accident.  Trion's attorney asserts that his review of the previous state court proceedings occurred on May 22, 2023, and Plaintiff does not dispute this statement nor offer evidence that the review occurred earlier.  Even if Trion's attorney used "a reasonable amount of intelligence" on May 22, 2023, to ascertain that that the case was removable (a fact that is disputed), the notice of removal filed on June 21, 2023, was still timely because it occurred within 30 days.

Finally, Plaintiff's argument that Trion had notice of Plaintiff's damages claim before May 22, 2023, because Trion's alleged employee, Jeffrey T. Johnson, is a party in the parallel state court proceeding, is flawed.  First, Johnson and Trion are separate parties represented by separate counsel in different proceedings (*see* Dkt. 5-8 at 29), and Plaintiff has cited no authority for the notion that service on Johnson constitutes notice to Trion for removal purposes.  Second, it is irrelevant that Johnson was served with a "nearly identical bill of particulars" since he was served in a separate proceeding, which renders that document outside the scope of an "other paper" under § 1446(c)(3)(A).  In other words, § 1446(c)(3)(A) limits "other paper" to "information relating to the amount in controversy *in the record of the State proceeding*, or in responses to discovery" (emphasis added), and courts have <u>not</u> interpreted that definition to include documents filed in separate

proceedings, even when the same events are the subject of the instant action and the separate proceeding. *See*, *e.g.*, *Suttlehan v. MidFirst Bank*, 205 F. Supp. 3d 366, 369-70 (S.D.N.Y. 2016) (collecting cases); *Conn. v. McGraw Hill Cos., Inc.*, No. 3:13-cv-311 (SRU), 2013 WL 1759864, at *3-4 (D. Conn. Apr. 24, 2013) (stating that "other paper" needs to "at the very least, consist of records or documents produced in or emanating from the state-court action itself"); *see also Tilton v. MBIA Inc.*, 620 B.R. 707, 714 (S.D.N.Y. 2020) (holding that as a general rule, "other paper" must originate from the instant case).

For those reasons, the Court concludes that, only when co-defendant Keene forwarded Plaintiff's demand for one million dollars in compensatory damages, was Trion able to reasonably ascertain that the lawsuit met the jurisdictional requirements for removal to federal court under 28 U.S.C. § 1441. This occurred on or about June 15, 2023, and Trion filed its notice of removal six days later. Thus, Trion has met its burden to establish that the case was timely removed, and Plaintiff's motion for remand is denied.

III.   **Alternative Request for a Stay**

Alternatively, Plaintiff requests that the Court stay the instant action until the parallel state court action concludes, should the Court conclude that removal was timely. (Dkt. 5-14 at 8). Plaintiff cites the "robust and protracted" nature of the state court litigation, including two years of discovery and dispositive motion practice in support of this request. (*Id.*). Plaintiff argues that several factors weigh in favor of a temporary stay, including promoting comity and judicial efficiency, while avoiding duplicative litigation or inconsistent outcomes on what is only a state law claim. (*Id.* at 10-15).

Trion does not oppose Plaintiff's request for a temporary stay of the instant action until the parallel state court action is resolved.  (Dkt. 8-1 at 5).  Keene does not expressly state whether it opposes a temporary stay of this action if Plaintiff's motion to remand is denied but indicates that it "joins in and adopts the remaining arguments of co-defendant Trion" and requests that that the Court deny the motion to remand "together with any such other and further relief the Court deems just and proper."  (Dkt. 9-1 at 3).

For the reasons advanced by Plaintiff, the Court grants Plaintiff 's alternative motion for a temporary stay of proceedings pending the outcome of the parallel state court action, with the consent of Trion and in the absence of an objection from Keene.  The Court will require status updates to be submitted by Plaintiff every six months during the stay, and Plaintiff must immediately advise the Court in the event of a resolution of the state court litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied, but the alternative motion to temporarily stay proceedings is granted.  (Dkt. 5).  Plaintiff's claims against Trion and Keene are held in abeyance pending resolution of the parallel action in Supreme Court, Erie County.  Plaintiff must file a status update every six months, running from the date of this Decision and Order and every six months thereafter, and Plaintiff must also immediately advise the Court in the event of a resolution of the state court action.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  November 20, 2023
       Rochester, New York